UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE SLOAN,<br><br>                Plaintiff,<br><br>   v.<br><br>ALLEN NANCE, et al,<br><br>                Defendant. | CASE NO. 2:23-cv-00019-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's amended complaint. Dkt. 8. The Court recommends dismissing the amended complaint without prejudice for the following reasons.

On January 3, 2023, Plaintiff, a detainee of the King County Jail, filed a first *pro se* 42 U.S.C. § 1983 civil rights complaint naming as Defendants Jail Director Allen Nance, Chief Administrator Steve Larson, and Classification Administrator Greg Curtis. Dkt. 5. The Court reviewed the complaint and found it failed to state a claim upon which relief can be granted. Rather than immediately dismissing the complaint, the Court granted Plaintiff leave to file an amended complaint by February 10, 2023, to cure the deficiencies the Court identified. Dkt. 4.

The January 3, 2023, order granting leave to file an amended complaint advised Plaintiff that if he failed to file an amended complaint by this date that is sufficient, the Court would recommend the matter be dismissed. The order also advised Plaintiff that the amended complaint

REPORT AND RECOMMENDATION - 1

would act as a complete substitute for the original complaint, and not as a supplement, because an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Plaintiff was further notified the amended complaint must be complete, in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. Dkt. 7.

On February 3, 2023, Plaintiff filed an amended complaint. Dkt, 8. The amended complaint abandons the Defendants and claims set forth in the original complaint. The original complaint named as Defendants Allen Nance, Steve Larson, Greg Curtis for alleged for violations occurring in April and December 2022. The Amended complaint names as a Defendants "King County Jail Staff," *Id.* at 3, and alleges in Count I that on January 18, 2023, Plaintiff was assaulted by two inmates for "three minutes" before staff "rescued" Plaintiff. *Id.* at 5. Plaintiff alleges "the correctional officer failed to react with appropriate action." *Id.*

In Count II, Plaintiff alleges on January 18, 2023, Plaintiff was placed on the "mental health floor of the jail." Plaintiff alleges that "due to said assault in count 1, the defendant failed to put me into regular segregation and retrieve my property." *Id.* at 6.

Plaintiff alleges in Count III that between January 7 and January 27, 2023, he was on "twenty four lock down"; Defendants did not hire more staff to combat a "shortage of staff issue," and Plaintiff's cell smelled like a sewer. *Id*. at 8-9.

Although Plaintiff was advised his first complaint was deficient and was advised to cure those deficiencies, he has failed to do so as his amended complaint is also deficient.

The Court previously advised Plaintiff that it screens complaints and will dismiss a complaint if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief

REPORT AND RECOMMENDATION - 2

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(a) and (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court also earlier advised Plaintiff that to avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). Further, as the Supreme Court stated in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* (citations omitted).

Plaintiff seeks relief under 42 U.S.C. § 1983. Plaintiff has already been advised that to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d

REPORT AND RECOMMENDATION - 3

1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

Under these standards, the amended complaint is deficient and subject to dismissal. The complaint fails to name any individual defendant, and what specific acts the named defendant committed that violated Plaintiff's rights and caused the harm he alleges. The Court advised Plaintiff that his amended complaint was deficient and directed him to file a second amended complaint no later than **February 22, 2023** that was sufficient to state a claim for relief. Plaintiff has not filed a second amended complaint. Because Plaintiff has twice been afforded the opportunity to amend his deficient complaints and has failed to do so the Court recommends dismissing the complaint without prejudice.

This Report and Recommendation is not an appealable order and Plaintiff should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections, however, may be filed no later than **March 13, 2023**. The Clerk should note the matter for **March 17, 2023**, as ready for the District Judge's consideration. The Clerk shall provide Plaintiff with a copy of this Report and Recommendation.

DATED this 27th day of February, 2023.

> BRIAN A. TSUCHIDA
> United States Magistrate Judge

REPORT AND RECOMMENDATION - 5